IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOEL G. BOWDEN,       )
                      )
        Plaintiff,    )
                      )
v.                    )     1:12CV1237
                      )
E. JEROME AGNEW,      )
                      )
        Defendant.    )

### ORDER, MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff's motion to amend his Complaint (Docket Entry 11) filed by Plaintiff Joel Bowden ("Plaintiff"). Additionally, before the Court is Defendant's motion to dismiss for improper venue (Docket Entry 5) and Defendant's second motion to dismiss for failure to state a claim (Docket Entry 16). For the reasons stated below, the Court grants Plaintiff's motion to amend his Complaint (Docket Entry 11). Furthermore, the Court recommends that Defendant's motion to dismiss for failure to state a claim (Docket Entry 16) be granted in part and denied in part, and Defendant's motion to dismiss for improper venue (Docket Entry 5) be dismissed as moot.

### I. BACKGROUND

Plaintiff filed this diversity action against Defendant based upon alleged violations of North Carolina common law, specifically asserting claims of alienation of affection, criminal conversation, and intentional infliction of emotional distress. (*See generally*, Compl., Docket Entry 2.) Plaintiff is married to Ruby Golden Bowden. *Id.* at ¶ 3. Plaintiff states that he and Mrs. Bowden enjoyed a loving marital relationship. *Id.* at ¶ 5. The Complaint alleges that

Defendant interfered with the loving marital relationship by accompanying Plaintiff's wife to various places, engaging in a romantic relationship with her, and having sexual intercourse with Mrs. Bowden. *Id.* at ¶¶ 5-12. Plaintiff further alleges that Defendant was aware of Plaintiff's marriage to Mrs. Bowden, he intentionally had sexual intercourse with her, and that Plaintiff has suffered humiliation and emotional distress from the loss of his spouse's affection. *Id.* at ¶¶ 19-24. Moreover, Plaintiff alleges that Defendant's willful and purposeful actions to seduce Plaintiff's spouse adversely affected the marital relationship. *Id.* at ¶ 31.

Defendant filed a motion to dismiss for improper venue on November 20, 2012. (Docket Entry 5.) Defendant asserts that venue is not proper in the Middle District of North Carolina since he is not a resident of the state and the Complaint did not allege that a substantial part of the underlying events occurred in the Middle District. (Def.'s Mem. in Supp. of Mot. to Dismiss, Docket Entry 6.) In addition to his response (Docket Entry 7) filed December 3, 2012, Plaintiff also filed a motion to amend his Complaint pursuant to Federal Rule of Civil Procedure 15(a) on April 8, 2013. (Docket Entry 11.) In Defendant's opposition to Plaintiff's motion (Docket Entry 15) and a subsequent motion to dismiss[1] (Docket Entry 16), Defendant argues that Plaintiff's amended Complaint is barred by res

---

[1] Defendant's first motion to dismiss for improper venue is based upon Defendant's assertion that Plaintiff has not alleged that a substantial part of the events took place in North Carolina. (Docket Entry 5.) Defendant's brief in opposition of Plaintiff's motion to dismiss further alleges that Plaintiff has not met this burden of establishing venue, and that portions of Plaintiff's claims fail under Rule 12(b)(6). (Def.'s Resp. Br., Docket Entry 15 at 5-12.) Essentially, Defendant's venue argument appears to overlap his Rule 12(b)(6) argument in that the proposed legal complaint "speaks in the most generic terms" as it relates to the claims occurring in this judicial district and is insufficient under *Twombly*. (*Id.* at 13; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).) Defendant's second motion to dismiss is almost identical to his brief in opposition to Plaintiff's complaint. (*Compare* Def.'s Resp. Br., Docket Entry 15 and Def.'s Second Mot. to Dismiss, Docket Entry 16.) To maintain consistencies throughout this opinion, the Court will primarily reference Defendant's opposition brief rather than both pleadings.

2

judicata, two of the claims are outside the statute of limitations, the Complaint fails to meet the plausibility requirements, and it fails to state a claim for which relief can be granted.

## II. DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). It further states that "[t]he court should freely give leave when justice so requires." *Id.* Granting a motion to amend a complaint is within the discretion of the Court, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Unless the facts show "undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice . . . [or] futility of amendment," leave should be freely given. *Id.*

In this case, Plaintiff does not have written consent from Defendant to amend his Complaint. Plaintiff argues that Defendant is not prejudiced as no discovery has been conducted, there is no trial date set, and an initial pre-trial conference has not taken place. (Pl.'s Mot. to Amend. Compl. ¶ 12, Docket Entry 11.) Furthermore, Plaintiff asserts that the motion to amend is not futile, and seeks to clarify what Defendant argues in his motion to dismiss that the alleged actions took place in the district where Plaintiff resides. *Id.* at ¶¶ 5-8. Defendant argues that the amendment would be futile, and should be dismissed because it is barred under the doctrine of res judicata, it fails to meet the plausibility requirements set out in *Twombly*, the alleged events were outside of the statute of limitations, and it fails to state a

3

claim upon which relief can be granted. (Def.'s Resp. Br., Docket Entry 15; *Twombly*, 550 U.S. at 570.)

Here, the Court finds that Defendant is not prejudiced if the Court allows the amendment. Prior to Plaintiff's motion to amend, the only action to have taken place in this case was Defendant's filing of a motion to dismiss (Docket Entry 5). A scheduling order has not been entered and discovery has not begun in this case. Nor is there any proof that Plaintiff acted in bad faith or with dilatory motive as Plaintiff's intent in seeking the amendment was to clarify where a substantial part of the underlying events took place. Lastly, the Court considers futility of the amendment. "[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, . . ., should be denied. If a proposed amendment is not clearly futile, then denial of leave to amend is improper." 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1487 (3d ed.) (footnote omitted.) An amended complaint is futile if it cannot withstand a motion to dismiss; thus, the Court may deny the motion. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (addition of negligence claim futile because case would not survive motion to dismiss).

*Res Judicata*

Defendant contends that the amended complaint is barred by the doctrine of res judicata. Under this doctrine, a party is precluded from bringing a subsequent cause of action if: (1) there was a prior final judgment on the merits; (2) the parties are identical, or privity exists; and (3) the claims in subsequent proceeding are based upon the same cause of action in the earlier proceeding. *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir.

4

2006). The inquiry here is "whether the claim present in the new litigation 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment'." *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999) (quoting *Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir. 1986)). This determination requires a case-by-case analysis as there is no "simple test" to determine if causes of action are identical. *Id.*

Defendant argues that a prior Indiana judgment[2] is a bar to the present action. (Def.'s Resp. Br., Docket Entry 15 at 4-5.) On October 13, 2009, Defendant and Golden-AGI, LLC filed suit against Plaintiff and others alleging breach of fiduciary duty and breach of contract, and Plaintiff counterclaimed against Defendant for fraud. (*See* Ex. A, Docket Entry 15-1.) A trial took place, and a judgment was entered in favor of Defendant. (Ex. B, Docket Entry 15-2). During the deposition of Mrs. Bowden, she testified that her relationship with Defendant had an adverse effect on the profitability of the business venture. (Ex. C, Docket Entry 15-3 at 4-5.) The Bowdens believed that the affair allegations were relevant to the Indiana action. *Id.* at 4. Although such allegations may have been relevant to the Indiana proceeding, res judicata is not applicable here because the claims in the current cause of action do not arise from the same transactions as the prior proceeding. *Pittston*, 199 F.3d at 705 (new claim must "arise out of same transaction or series of transactions" as prior claim) (citation omitted). The current case involves claims of

---

[2] A court may take judicial notice of matters of public record including state court decisions. *Reid v. State of North Carolina*, No. 3:09CV541-RJC-DCK, 2010 WL 890263, *3 (W.D.N.C. Mar. 8, 2010), *aff'd*, 382 F. App'x 258 (4th Cir. 2010). Although a court generally may not consider extrinsic materials on a Rule 12(b)(6) motion, "[m]atters of public record and items appearing in the record of the case" can be considered without converting the motion to dismiss into a summary judgment motion. *Shepard v. Lowe's Food Stores, Inc.*, No. 1:08CV679, 2009 WL 4738203, *3 (M.D.N.C. Dec. 7, 2009).

5

alienation of affection, criminal conversation, and intentional infliction of emotional distress. (*See* Am. Compl., Docket Entry 12.) The Indiana case was grounded in contractual and fiduciary duties surrounding corporate formalities. (*See* Ex. A, Docket Entry 15-2.) The cases are clearly unrelated.

Furthermore, Plaintiff contends that some of the illicit conduct between Plaintiff's wife and Defendant took place within three years of the commencement of the action, which was after the Indiana action was filed. (Pl.'s Reply Br., Docket Entry 19 at 5.) The Indiana action was filed on October 13, 2009. (Ex. A, Docket Entry 15-2 at 2.) Plaintiff alleges that the illicit conduct took place on or after October 25, 2009, within three years of the date this action was commenced. (Am. Compl. ¶¶ 8-9.) Thus, these events, at least in part, could not have been related to the events before the Indiana court.[3] Therefore, res judicata is not applicable here.

*Statute of Limitations*

Defendant next argues that Plaintiff's claims of alienation of affection and criminal conversation are outside the statute of limitations. (Def.'s Resp. Br., Docket Entry 15 at 9-11.) Defendant argues that in the Indiana court, Plaintiff's wife testified in January 2010 that the Agnew/Bowden relationship ended "some time ago" and that the Indiana court found that the relationship ended in November 2007. (Def.'s Resp. Br., Docket Entry 15 at 10-11.) Defendant contends that this contradicts the boilerplate language Plaintiff included in the amended Complaint that the illicit relationship existed "within three years of the

---

[3] Plaintiff's amended Complaint alleges that the first two causes of actions began "as early as 2004 and perhaps earlier and thereafter." (Am. Compl. ¶¶ 10, 21.) Even taking such allegations as true, the facts in the Indiana case and the proceeding currently before this Court are not "'so woven together' that they constitute a single claim." *Pittston*, 199 F.3d at 704.

6

commencement of this action." *Id.* Plaintiff argues that the amended Complaint is consistent with the pleading requirements and the law does not require him to plead the precise dates and times Defendant engaged in illicit conduct prior to discovery. (Pl.'s Reply Br., Docket Entry 19 at 6-7.)

A three-year statute of limitations applies to claims of alienation of affection and criminal conversation under North Carolina Law. *See* N.C. Gen. Stat. Ann. § 52-13(b). The statute begins to run "from the last act of the defendant giving rise to the cause of action." *Id.* With regards to alienation of affection, such claim "connotes the destruction or serious diminution, of the love and affection of the plaintiff's spouse for the plaintiff." *McCutchen v. McCutchen*, 360 N.C. 280, 283, 624 S.E.2d 620, 623 (2006) (internal quotations omitted) (citation omitted). When the diminution is complete, the statute of limitations begins to run. *Id.* at 624.

Plaintiff's amended Complaint alleges that the illicit conduct occurred within three years of the commencement of this action. (*See* Am. Compl. ¶¶ 8-10.) The action commenced on October 25, 2012; therefore, the last act giving rise to these causes of action was on or after October 25, 2009. As previously discussed, this Court has already concluded that the Indiana case is unrelated to Plaintiff's claims in the present matter, thus that court's finding that the business relationship ended in November 2007 has no bearing on this action. Plaintiff's testimony in that case that her relationship with Defendant ended "some time ago" is not relevant to actions that may have taken place after January 2010. This Court concludes that Plaintiff's claims of alienation of affection and criminal conversation are not barred by the statute of limitations.

*Twombly Standard*

Defendant also contends that Plaintiff's amended Complaint fails to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure and the *Twombly* standard because it does not contain specific allegations and speaks mostly in conclusory terms. (Def.'s Resp. Br., Docket Entry 15 at 6-9; *see also Twombly*, 550 U.S. at 570.) Plaintiff contends the amended Complaint alleges all of the requisite elements of his claims and that the claims are plausible on their face. (Pl.'s Resp. Br., Docket Entry 20 at 2-7.)

A motion to dismiss for failure to state a claim should be granted if the complaint does not allege "enough facts to state a claim to relied that is plausible on its face." *Twombly*, 550 U.S. at 570. In other words, the factual allegations must "be enough to raise a right to relief above the speculative level." *Id.* at 555. "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570). As explained by the United States Supreme Court:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

A 12(b)(6) motion tests the sufficiency of a complaint and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party*

8

*of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Accordingly, a court should "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts. Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the truth of the facts alleged is assumed, courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rule 8 does not, however, unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Fair notice is provided by setting forth enough facts for the complaint to be "plausible on its face" and "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Id.* at 555 (internal citations omitted). "Rule 12(b)(6) does not countenance . . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416, U.S. 232, 236 (1974)).

With regards to Plaintiff's claims, the Court believes that Plaintiff's amended Complaint alleges sufficient facts to state a claim of relief that is plausible on its face. To state a claim for alienation of affection, one must allege: "(1) a marriage with genuine love and affection; (2) the alienation and destruction of the marriage's love and affection; and (3)

9

a showing that defendant's wrongful and malicious acts brought about the alienation of such love and affection." *Heller v. Somdahl*, 206 N.C. App. 313, 315, 696 S.E.2d 857, 860 (2010). A claim of criminal conversation requires that an "actual marriage between the spouses and sexual intercourse between defendant and the plaintiff's spouse during the coverture." *Brown v. Hurley*, 124 N.C. App. 377, 380, 477 S.E.2d 234, 237 (1996). Here, viewing the facts in the light most favorable to Plaintiff, the alleged claims are facially plausible.[4] Plaintiff has plead sufficient facts to each of the above elements to raise a right of relief to the claims presented; therefore, Defendant's motion to dismiss Plaintiff's alienation of affection and criminal conversation claims should be denied.

*Intentional Infliction of Emotional Distress Claim*

Defendant next contends that Plaintiff's claim of intentional infliction of emotional distress ("IIED") fails as a matter of law. (Def.'s Resp. Br., Docket Entry 15 at 11-12.) Under North Carolina law, the elements of an IIED claim are: "1) extreme and outrageous conduct by the defendant 2) which is intended to cause and does in fact cause 3) severe emotional distress." *Waddle v. Sparks*, 331 N.C. 73, 82, 414 S.E.2d 22, 27 (1992) (citation omitted). Conduct is "extreme and outrageous" when it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Briggs v. Rosenthal*, 73 N.C. App. 672, 677, 327 S.E.2d 308, 311 (citation omitted), *cert. denied*, 314 N.C. 114, 332 S.E.2d 479 (1985). In the amended Complaint, Plaintiff alleges that:

---

[4] The undersigned believes that Plaintiff's intentional infliction of emotional distress claim is also facially plausible, but recommends dismissal for another reason.

10

> [D]efendant's willful and purposeful actions to seduce entice and alienate the affection of Plaintiff's spouse from Plaintiff, Defendant's acts of engaging in sexual intercourse with Plaintiff's wife and Defendant's scheme to seduce Plaintiff's wife . . . were made deliberately and intentionally to cause Plaintiff to suffer humiliation, disgrace, and severe emotional distress and mental anguish.

(Am. Compl. ¶ 33.) Courts have repeatedly held that adultery does not rise to the level of extreme and outrageous. *See Boone v. Kabbani*, Case No. 1:10-cv-1 (M.D.N.C. Oct. 18, 2010) (unpublished decision) ("Plaintiff's allegation that Defendant engaged in a sexual affair with Plaintiff's wife-is not extreme and outrageous for the purpose of a claim for intentional infliction of emotional distress); *Poston v. Poston*, 112 N.C. App. 849, 851, 436 S.E.2d 854, 856 (1993) (ex-husband's allegation of adultery against his wife was not extreme and outrageous); *Whittington v. Whittington*, 766 S.W.2d 73, 74 (Ky. Ct. App. 1989) ("adultery can never reach the status of outrageous conduct"); *Strauss v. Cilek*, 418 N.W.2d 378, 380 (Iowa Ct. App. 1987) ("defendant's conduct in participating in a [consensual] sexual relationship with ... his friend's wife ... over an extended period, is [not] atrocious"); *Norton v. Hoyt*, 278 F. Supp. 2d 214, 222 (D.R.I. 2003), *aff'd sub nom. Norton v. McOsker*, 407 F.3d 501 (1st Cir. 2005) ("An openly conducted affair, although considered reprehensible, does not constitute extreme and outrageous conduct that is beyond all possible bounds of decency.") Here, Plaintiff's allegations outlining his wife's conduct with Defendant are not extreme and outrageous. Therefore, count three of Plaintiff's amended Complaint should be dismissed.

*Venue*

Lastly, Defendant reasserts that Plaintiff has not established that venue is proper in this jurisdiction. (Def.'s Resp. Br., Docket Entry 15 at 12-13.) Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or

omissions giving rise to the claim occurred." Plaintiff alleges that the claims took place in various locations within the Middle District of North Carolina, including "in and around Plaintiff's residence."[5] (*See* Am. Compl. ¶¶ 8-12, 17, 20-24.) The Court therefore concludes that venue is proper in the Middle District of North Carolina.

## IV. CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that Plaintiff's Motion to Amend his Complaint (Docket Entry 11) is **GRANTED**. Plaintiff shall have 10 days from the entry of this order to file and serve the amended Complaint in the same form previously filed. (*See* Docket Entry 12.)

**FURTHERMORE, IT IS RECOMMENDED** that Defendant's Motion to Dismiss (Docket Entry 5) be **DENIED** as moot, and Defendant's Second Motion to Dismiss (Docket Entry 16) should be **GRANTED IN PART and DENIED IN PART**. Plaintiff's claims of alienation of affection and criminal conversation should remain and Plaintiff's claim of intentional infliction of emotional distress should be dismissed.

                                                                                                 Joe L. Webster
                                                                           United States Magistrate Judge

Durham, North Carolina
July 11, 2013

---

[5] Plaintiff alleges that he resides in Greensboro, North Carolina. (*See* Am. Compl. ¶ 3.)

12